UNITED STATES BANKRUPTCY COURT
DISTRICT OF
DIVISION

In re:                                          §
                                                §
Lula M Heatley                                  §          Case No. 12-21570
                                                §
                          Debtor(s)             §

## TRUSTEE'S FINAL REPORT (TFR)

The undersigned trustee hereby makes this Final Report and states as follows:

1. A petition under chapter      of the United States Bankruptcy Code was filed on
       . The case was converted to one under Chapter 7 on                  .  The
undersigned trustee was appointed on              .

2. The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

3. All scheduled and known assets of the estate have been reduced to cash, released to
the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned
pursuant to 11 U.S.C. § 554. An individual estate property record and report showing the
disposition of all property of the estate is attached as **Exhibit A**.

4. The trustee realized gross receipts of                      $

         Funds were disbursed in the following amounts:

         Payments made under an interim
         disbursement
         Administrative expenses
         Bank service fees
         Other payments to creditors
         Non-estate funds paid to 3rd Parties
         Exemptions paid to the debtor
         Other payments to the debtor

         Leaving a balance on hand of[1]                   $

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement
will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the
maximum compensation set forth under 11 U.S.C. §326(a) on account of the disbursement of the additional interest.

**UST Form 101-7-TFR (5/1/2011)** *(Page: 1)*

The remaining funds are available for distribution.

     5.  Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

     6.  The deadline for filing non-governmental claims in this case was _____ and the deadline for filing governmental claims was _____. All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved.  If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

     7.  The Trustee's proposed distribution is attached as **Exhibit D**.

     8.  Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $_____.  To the extent that additional interest is earned before case closing, the maximum compensation may increase.

     The trustee has received $_____ as interim compensation and now requests a sum of $_____, for a total compensation of $_____ [2]. In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $_____, and now requests reimbursement for expenses of $_____, for total expenses of $_____ [2].

     Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Date:_____ By:/s/Joseph J. Bellinger, Chapter 7 Trustee _____
                              Trustee

**STATEMENT**: This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

---

[2] If the estate is administratively insolvent, the dollar amounts reflected in this paragraph may be higher than the amounts listed in the Trustee's Proposed Distribution (Exhibit D).

**FORM 1**
**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**
**ASSET CASES**

Exhibit A

| Case No: | 12-21570 | DER | Judge: | David E. Rice | | Trustee Name: | Joseph J. Bellinger, Chapter 7 Trustee |
|---|---|---|---|---|---|---|---|

Case Name: Lula M Heatley

Date Filed (f) or Converted (c): 12/27/2012 (c)

341(a) Meeting Date: 02/05/2013

For Period Ending: 12/26/2013

Claims Bar Date: 10/21/2013

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Values | Est Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Formally Abandoned OA=554(a) | Sale/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |
| 1. LOCATION: 229 SMARTY JONES TERRACE, HAVRE DE GRACE MD 21078 | 378,300.00 | 0.00 | | 0.00 | FA |
| 2. VACANT LOT - COLUMBIA, SC - JOINT W/ SISTER | 10,000.00 | 4,872.00 | | 0.00 | FA |
| 3. APG FCU CHECKING | 200.00 | 0.00 | | 0.00 | FA |
| 4. HEALTH CARE CU SAVINGS | 400.00 | 0.00 | | 0.00 | FA |
| 5. HOUSEHOLD GOODS | 2,600.00 | 0.00 | | 0.00 | FA |
| 6. CLOTHING | 750.00 | 0.00 | | 0.00 | FA |
| 7. TERM LIFE - NO CASH VALUE - CHILDREN ARE BENEFICIARIES | 0.00 | 0.00 | | 0.00 | FA |
| 8. 1997 CHEVY COBALT - 120K MILES - SON PAYS FOR AND MAINTAINS | 1,000.00 | 0.00 | | 0.00 | FA |
| 9. 2009 ACURA TSX - 30K MILES | 14,500.00 | 0.00 | | 0.00 | FA |
| 10. DESKTOP | 100.00 | 0.00 | | 0.00 | FA |
| 11. GENERAL HOUSEHOLD TOOLS | 20.00 | 0.00 | | 0.00 | FA |
| 12. WASHER/DRYER | 300.00 | 0.00 | | 0.00 | FA |
| 13. Void (u) | Unknown | N/A | | 0.00 | FA |
| 14. Settlement Of Lawsuit Against Estate Of Jewel Sims (u) | 27,000.00 | 20,523.00 | | 27,000.00 | FA |
| 15. 2009 Acura Tsx - 91K Miles - Car Was Salvaged And Worth Very | 1,000.00 | 999.00 | | 0.00 | FA |
| INT. Post-Petition Interest Deposits (u) | Unknown | N/A | | 0.00 | Unknown |

Gross Value of Remaining Assets

| TOTALS (Excluding Unknown Values) | $436,170.00 | $26,394.00 | | $27,000.00 | $0.00 |
|---|---|---|---|---|---|

(Total Dollar Amount in Column 6)

Major activities affecting case closing which are not reflected above, and matters pending, date of hearing or sale, and other action:

MOC held 2/5/13.  Possible conccealment of estate funds.  Investigation is pending.

Exhibit A

RE PROP #        13   --    Decedent's Estate of Jewel Sims Estate No. 45035

Initial Projected Date of Final Report (TFR): 03/31/2014          Current Projected Date of Final Report (TFR): 03/31/2014

**FORM 2**
**ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD**

Case No: 12-21570

Case Name: Lula M Heatley

Taxpayer ID No: XX-XXX4207

For Period Ending: 12/26/2013

Trustee Name: Joseph J. Bellinger, Chapter 7 Trustee

Bank Name: Union Bank

Account Number/CD#: XXXXXX9251

Checking

Blanket Bond (per case limit): $2,000,000.00

Separate Bond (if applicable):

Exhibit B

| 1 | 2 | 3 | 4 | | 5 | 6 | 7 |
|---|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description of Transaction | Uniform Tran. Code | Deposits ($) | Disbursements ($) | Account/CD Balance ($) |
| 08/28/13 | 14 | Law Office of S. Collins & Associates IOLTA | Decedents Estate Claim | 1229-000 | $27,000.00 | | $27,000.00 |
| 10/25/13 | | Union Bank | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $36.25 | $26,963.75 |

|  | | |
|---|---|---|
| COLUMN TOTALS | $27,000.00 | $36.25 |
| Less: Bank Transfers/CD's | $0.00 | $0.00 |
| Subtotal | $27,000.00 | $36.25 |
| Less: Payments to Debtors | $0.00 | $0.00 |
| Net | $27,000.00 | $36.25 |

UST Form 101-7-TFR (5/1/2011) *(Page: 5)*

Page Subtotals: $27,000.00  $36.25

Exhibit B

TOTAL OF ALL ACCOUNTS

|  | NET DEPOSITS | NET DISBURSEMENTS | ACCOUNT BALANCE |
|---|---|---|---|
| XXXXXX9251 - Checking | $27,000.00 | $36.25 | $26,963.75 |
|  | $27,000.00 | $36.25 | $26,963.75 |
|  | (Excludes account transfers) | (Excludes payments to debtors) | Total Funds on Hand |

| | |
|---|---|
| Total Allocation Receipts: | $0.00 |
| Total Net Deposits: | $27,000.00 |
| Total Gross Receipts: | $27,000.00 |

Page Subtotals:                    $0.00            $0.00

## TRUSTEE'S PROPOSED DISTRIBUTION

Exhibit D

Case No.: 12-21570
Case Name: Lula M Heatley
Trustee Name: Joseph J. Bellinger, Chapter 7 Trustee

Balance on hand                                                                $

Claims of secured creditors will be paid as follows:

| Claim No. | Claimant | Claim Asserted | Allowed Amount of Claim | Interim Payment to Date | Proposed Payment |
|---|---|---|---|---|---|
| 10 | NATIONAL ASSOCIATION JPMORGAN CHASE BANK | $ | $ | $ | $ |
| 11 | BULLE ROCK COMMUNITY ASSOCIATION, INC. | $ | $ | $ | $ |
| 17 | BULLE ROCK COMMUNITY ASSOCIATION, INC. | $ | $ | $ | $ |
| 6 | WESTLAKE FINANCIAL SVC | $ | $ | $ | $ |
| 9 | UNITED CONSUMER FINANCIAL SERVICES | $ | $ | $ | $ |

Total to be paid to secured creditors                        $_____

Remaining Balance                                            $_____

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| Trustee Fees: Joseph J. Bellinger | $ | $ | $ |
| Trustee Expenses: Joseph J. Bellinger | $ | $ | $ |
| Attorney for Trustee Fees: Offit Kurman | $ | $ | $ |

Total to be paid for chapter 7 administrative expenses $_____

Remaining Balance $_____

Applications for prior chapter fees and administrative expenses have been filed as follows:

NONE

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $_____ must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 1 | Internal Revenue Service | $ | $ | $ |

Total to be paid to priority creditors $_____

Remaining Balance $_____

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $_____ have been allowed and will be paid _pro_ _rata_ only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be ____ percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 2 | PRECISION RECOVERY ANALYTICS, INC. | $ | $ | $ |
| 3 | RECEIVABLE MANAGEMENT | $ | $ | $ |
| 4 | SALLIE MAE INC. ON BEHALF OF ECMC | $ | $ | $ |
| 5 | Jefferson Capital Systems Llc | $ | $ | $ |
| 7 | American Infosource Lp As Agent For | $ | $ | $ |
| 8 | CANDICA, LLC | $ | $ | $ |
| 12 | AMERICAN INFOSOURCE LP AS AGENT FOR | $ | $ | $ |
| 13 | QUANTUM3 GROUP LLC AS AGENT FOR | $ | $ | $ |
| 14 | DEPARTMENT OF REVENUE COLLECTIONS | $ | $ | $ |
| 15 | AMERICAN INFOSOURCE LP AS AGENT FOR | $ | $ | $ |
| 16 | AMERICAN INFOSOURCE LP AS AGENT FOR | $ | $ | $ |

Total to be paid to timely general unsecured creditors    $_____

Remaining Balance    $_____

Tardily filed claims of general (unsecured) creditors totaling $        have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be        percent.

Tardily filed general (unsecured) claims are as follows:

NONE

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $        have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be        percent.

Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

NONE